LAGOMARSINO LAW
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CORY M. FORD, ESQ.
Nevada Bar No. 15042
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Danielle O'Neill*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELLE O'NEILL, individually, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIPRISE FINANCIAL, INC., a Delaware Corporation; and AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation; <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** <br> **and JURY DEMAND** |

COMES NOW Plaintiff DANIELLE O'NEILL ("Plaintiff"), by and through her counsel of record, ANDRE M. LAGOMARSINO, ESQ. and CORY M. FORD, ESQ. of LAGOMARSINO LAW, and hereby files this Complaint, alleging as follows:

**JURISDICTION AND VENUE**

1.   This action is brought to remedy violations of the rights of Plaintiff under the United States of America Constitution, the laws of the United States of America, and the laws of the State of Nevada.

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. § 201, et seq. ("FLSA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Personal jurisdiction and venue are appropriate pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391, since Defendants conduct its affairs in this district, and the unlawful conduct complained of herein occurred in this district.

4. All procedural prerequisites for filing this suit have been met. Plaintiff timely filed a Charge of Discrimination alleging discrimination and retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Right to Sue on October 18, 2019. This Complaint and Jury Demand is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

**PARTIES**

5. Plaintiff, at all relevant times herein, is and was a resident of Clark County, Nevada.

6. At all relevant times, Plaintiff was a non-exempt "employee" within the meaning of the FLSA and an "employee" as defined by Title VII.

7. Defendant AMERIPRISE FINANCIAL, INC. ("Defendant"), is a Delaware corporation registered to do business in Nevada.

8. Defendant AMERIPRISE FINANCIAL SERVICES, INC. ("Defendant"), is a Delaware corporation registered to do business in Nevada.

9. At all relevant times herein, Defendants conducted business in Clark County, Nevada.

10. Defendants were Plaintiff's "employer" for purposes of the claims set forth herein.

11. Defendants are, and have been, an "employer" under FLSA because at all relevant times herein Defendants engaged in interstate commerce.

12. Defendants have annual sales or receipts in excess of Five Hundred Thousand Dollars ($500,000.00).

13. Upon information and belief, Defendants employed fifty (50) or more employees during all of the relevant time periods, and therefore, are and have been an "employer" as defined by FLSA and Title VII during all of the relevant time periods.

## GENERAL ALLEGATIONS

14. Plaintiff began working for Defendants on October 28, 2013, as a Customer Professional II – Unlicensed. In 2015, Plaintiff was promoted to Customer Expert – Unlicensed. In 2018, Plaintiff was promoted to Customer Coach – Unlicensed. As such, Plaintiff was a non-exempt employee within the meaning of FLSA and Title VII.

15. Plaintiff continuously worked for Defendants from October 28, 2013 until Plaintiff was informed that she was fired on July 26, 2019.

16. During her employment with Defendants, Plaintiff's job duties for Defendants never included managing the enterprise, a department, or subdivision of Defendants.

17. During her employment with Defendants, Plaintiff's job duties did not include the management or general business operations of Defendants.

18. During her employment with Defendants, Plaintiff's job duties did not require advanced knowledge that was acquired by a prolonged course of specialized intellectual instruction in a field of science or learning.

19. During her employment with Defendants, Plaintiff's job duties did not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

20. During her employment with Defendants, Plaintiff was not a computer systems analyst, computer programmer, or software engineer.

21. During her employment with Defendants, Plaintiff was not customarily and regularly engaged away from Defendants' place of business.

22. During her employment with Defendants, Plaintiff was not paid total annual compensation in excess of One Hundred Thousand Dollars ($100,000.00) per year.

23. During her employment with Defendants, Plaintiff reported to Vinnie Legg ("Legg").

24. On January 27, 2019, Plaintiff gave birth to her child.

25. Plaintiff took approved time off work to care for her child immediately after giving birth.

26. Plaintiff initiated breastfeeding her baby following the baby's birth and continued to do so through the date of her termination from employment with Defendants.

27. A broad consensus exists among medical and public health experts that breastfeeding is optimal for infants one year (or longer) following birth, and that it has broader developmental, psychological, social, economic, and environmental benefits.

28. In line with this medical consensus, Plaintiff was committed to feeding her newborn child breast milk, and not formula, during the first year of the child's life, even after Plaintiff returned to her job.

29. Breastfeeding women who cannot be with their infants at all times need to use a breast pump to express milk on roughly the same schedule as the child's feeding schedule, so that there is a supply of milk on hand for the baby when the mother is not present to breastfeed. Pumping is also required in order for a mother to maintain her supply and production of breast milk, and to relieve the sometimes-painful physical pressure as her breasts produce milk throughout the day.

30. While the schedule will vary from woman to woman based on a host of factors, a new mother will typically need to pump breast milk every two to three (2-3) hours for the first year of the baby's life.

31. If a woman does not breastfeed or pump on this schedule, it will cause discomfort, pain, engorgement, a risk of developing blocked milk ducts and infection, and, ultimately, cessation of lactation.

32. Knowing that a mother's supply of breast milk decreases if a nursing mother does not continue to breastfeed or pump breast milk at frequent intervals throughout the day, Plaintiff needed to continue to pump breast milk when she returned to work in order to maintain a sufficient supply.

33. In addition, pumping breast milk at these frequent intervals was necessary to relieve painful pressure that she would experience as her breasts produced milk throughout the day.

34. Based on her experience breastfeeding her child during the first several months after giving birth, Plaintiff knew that when she returned to work, she would need to express milk at least once every four (4) hours in order to maintain a sufficient supply of breast milk for her child and to avoid engorgement.

35. When Plaintiff returned to work on April 23, 2019, there was a Mother's Room for Plaintiff to use for pumping breast milk.

36. On July 1, 2019, Plaintiff received a "Behavior Warning" for submitting paid time off requests for the end of each day, so that Plaintiff could leave work earlier. Plaintiff did this because Defendants denied a schedule change request, so that Plaintiff could arrange for child care.

37. As a result of the July 1, 2019 "Behavior Warning," Plaintiff had to get approval from her supervisor, Legg, for any "segment/meeting" or break.

38. On July 15, 2019, Plaintiff called in to Defendants' scheduling call-center ("Command Center") to take a break at 3:15 p.m. to pump breast milk. Plaintiff spoke with Ryan at the Command Center to inform him to make a note in her schedule that Plaintiff was taking a break on July 15, 2019 at 3:15 p.m. to pump breast milk.

39. On July 15, 2019, when Plaintiff called in to take a break at 3:15 p.m. to pump breast milk, Plaintiff's supervisor, Legg, was not present in the office.

40. On July 25, 2019, Plaintiff was informed that she was being terminated from her employment for taking an unapproved break on July 15, 2019, at 3:15 p.m.

41. Defendants terminated Plaintiff from her job because she took a break to pump breast milk, which is a violation of FLSA, Title VII, and Nevada law.

## FIRST CLAIM FOR RELIEF

### Retaliation in Violation of the FLSA, 29 U.S.C. § 215(a)(3)

42. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

43. In recognition of the strong medical and public health consensus on the health benefits of breastfeeding, as well as the barriers many women face in continuing breastfeeding upon returning to work, in 2010 Congress enacted a provision entitled "Reasonable Break Time for Nursing Mothers," as part of the Patient Protection and Affordable Care Act.

44. At all relevant time periods, Plaintiff was entitled to reasonable break time to express breast milk in a private place other than a bathroom pursuant to the Break Time for Nursing Mothers Provision of the FLSA, codified at 29 U.S.C. § 207(r).

45. Plaintiff engaged in this statutorily protected activity within the meaning of the FLSA's Break Time for Nursing Mothers Provision when she took action to effectuate her rights under it by requesting and taking a break on July 15, 2019 to express her breast milk.

46. Defendants were on notice of Plaintiff's request on July 15, 2019 for reasonable break time to express breast milk because Plaintiff's request was made to Ryan, a scheduler at the "Command Center" for Defendants.

47. At the time of making the break request on July 15, 2019, Plaintiff informed Defendants, by and through its employee or agent, that Plaintiff was taking a break to express breast milk.

48. Defendants retaliated against Plaintiff for having requested and taken reasonable break time to express breast milk when Defendants terminated Plaintiff's employment for taking a break on July 15, 2019 to express breast milk.

49. Defendants' termination of Plaintiff's employment caused Plaintiff to suffer an adverse employment action because terminating her employment would have dissuaded a reasonable person in Plaintiff's circumstances from making or supporting an FLSA complaint to effectuate her right to take a break to express breast milk.

50. A causal link exists between Plaintiff's protected activity and the adverse employment action, evidenced by the fact that Legg informed Plaintiff that she was being terminated for taking a break on July 15, 2019 at 3:15 p.m., which Plaintiff had informed Defendants at the time of taking the break was for the purpose of pumping breast milk.

51. As a direct and proximate result of Defendants' conduct, by and through its employees, Plaintiff was prejudiced by Defendants' actions because Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

52. Defendants' conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

53.     As a result of Defendants' conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

54.     Plaintiff is also entitled to liquidated damages as a result of the Defendants' conduct.

## SECOND CLAIM FOR RELIEF

**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.***

55.     Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

56.     Plaintiff is a female and during the relevant time period was lactating, which is a condition affected by pregnancy and/or childbirth. Plaintiff is therefore a member of the class of persons protected from discrimination on the basis of her sex under Title VII.

57.     Lactation, like pregnancy, is a sex-linked condition, or a condition that is unique to women. Only women naturally lactate, and only women naturally experience the need to express breast milk.

58.     The need to express breast milk is a medical condition affected by pregnancy and childbirth in that it arises naturally following childbirth. In addition, the provision of medical treatment and advice concerning breastfeeding and lactation is a part of the standard of care for routine post-partum medical care.

59.     The need for an accommodation in the form of reasonable breaks to express breast milk at work is a need exclusive to women.

60.     Plaintiff participated in an activity protected within the meaning of Title VII when she asserted her right as a woman affected by pregnancy and/or childbirth by taking a reasonable break to express breast milk at work.

61. Plaintiff had a reasonable and good faith belief that her right to express breast milk at work as a woman affected by pregnancy and/or childbirth, and to assert that right, were protected under Nevada and federal antidiscrimination law.

62. A reasonable person would have found Defendants' action to terminate Plaintiff materially adverse as it would have a dissuaded a reasonable worker in Plaintiff's circumstances from making or supporting a charge of discrimination to effectuate her right to take a reasonable break to express breast milk.

63. Defendants subjected Plaintiff to an adverse employment action by terminating Plaintiff.

64. A causal link existed between the Plaintiff's protected activity and Defendants' adverse employment action as Defendants terminated Plaintiff for her participation in asserting her right as a woman affected by pregnancy and/or childbirth to take a reasonable break to express breast milk at work.

65. Plaintiff was subjected to the adverse employment action because of her participation in the protected activity to assert her right as a woman affected by pregnancy and/or childbirth to take a reasonable break to express breast milk at work as her termination of employment would not have occurred but for that participation.

66. Defendants willfully retaliated against Plaintiff by terminating her employment for having engaged in such protected activity.

67. Defendants are liable for the acts and omissions of its agents and employees.

68. Defendants, either directly or by and through their agents, retaliated against Plaintiff and caused her significant damages, injuries and losses by terminating Plaintiff's employment for taking a break to express her breast milk.

69. Defendants' conduct was engaged in with malice or with reckless indifference to the federally-protected rights of Plaintiff within the meaning of Title VII.

70. As a direct and proximate result of Defendants' conduct, by and through its employees, Plaintiff was prejudiced by Defendants' actions because Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

71. Defendants' conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

72. As a result of Defendants' conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

73. Plaintiff is also entitled to compensatory damages as a result of the Defendants' conduct.

### THIRD CLAIM FOR RELIEF

**Retaliation in Violation of Nevada Pregnant Worker's Fairness Act, NRS 613.438(1)(b)**

74. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

75. Plaintiff is a female and during the relevant time period was lactating, which is a condition affected by pregnancy and/or childbirth. Plaintiff is therefore a member of the class of persons protected by NRS 613.340(1) from discrimination pursuant to NRS 613.438(1)(b).

76. At all relevant time periods, Plaintiff was entitled to request and use reasonable accommodations relating to pregnancy, childbirth or a related medical condition, including revising break schedules and providing space in an area other than a bathroom to express breast milk in a private place other than a bathroom.

77. NRS 613.438(1)(b) makes it illegal for an employer to take adverse employment action against a female employee because the employee requests or uses reasonable accommodations for a condition of the employee relating to pregnancy, childbirth or a related medical condition, including revising break schedules and providing space to express breast milk.

78. Plaintiff engaged in a protected activity within the meaning of NRS 613.438(1)(b) when she requested and used reasonable accommodations to effectuate her rights by requesting and taking reasonable break on July 15, 2019 to express her breast milk.

79. At the time of making the break request on July 15, 2019, Plaintiff informed Defendants, by and through its employee or agent, that Plaintiff was taking a break to express breast milk.

80. Defendants retaliated against Plaintiff for having requested and taken a reasonable break time to express breast milk, when Defendants terminated Plaintiff's employment for taking a break on July 15, 2019 to express breast milk.

81. Defendants' termination caused Plaintiff to suffer an adverse employment action within the meaning of NRS 613.438(1)(b) because terminating her employment was not desired by Plaintiff.

82. A causal link exists between Plaintiff's protected activity and the adverse employment action, evidenced by the fact that Legg informed Plaintiff that she was being terminated for taking a break on July 15, 2019 at 3:15 p.m., which Plaintiff had informed Defendants at the time of taking the break was for the purpose of expressing breast milk.

83. As a direct and proximate result of Defendants' conduct, by and through its employees, Plaintiff was prejudiced by Defendants' actions because Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

84. Defendants' conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

85. As a result of Defendants' conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

86. Plaintiff is also entitled to liquidated damages as a result of the Defendants' conduct.

## FOURTH CLAIM FOR RELIEF

### Sex Discrimination in Violation of Title VII, 42 U.S.C. § 2000e(k)

87. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

88. Plaintiff is a female and during the relevant time period was lactating, which is a condition related to pregnancy and/or childbirth. Plaintiff is therefore a member of the class of persons protected from discrimination on the basis of her sex under Title VII.

89. Lactation, like pregnancy, is a sex-linked condition, or a condition that is unique to women. Only women naturally lactate, and only women naturally experience the need to express breast milk.

90. The need to express breast milk is a medical condition related to pregnancy and childbirth in that it arises naturally following childbirth. In addition, the provision of medical treatment and advice concerning breastfeeding and lactation is a part of the standard of care for routine post-partum medical care.

91. The need for an accommodation in the form of reasonable breaks to express breast milk at work is a need exclusive to women.

92. At all relevant times, Plaintiff satisfied her job requirements and was qualified for her position with Defendants.

93. Defendants terminated Plaintiff's employment in whole, or in part, because of her sex, and because of a sex-linked medical condition (lactation) that is related to pregnancy and childbirth.

94. Plaintiff's sex was a motivating factor in the above-described adverse actions Defendants took against Plaintiff.

95. Defendants treated Plaintiff less favorable than similarly situated employees in a similar position as Plaintiff, who are not female. Other employees were not terminated from employment for taking unpaid breaks, while Plaintiff was denied the opportunity to continue working for Defendants after taking a break to express breast milk.

96. Defendants are liable for the acts and omissions of its agents and employees. Defendants, either directly or by and through its employees or agents, discriminated against Plaintiff on the basis of her sex.

97. Defendants' conduct, by and through its agents or employees, was the proximate cause of Plaintiff's injuries, damages, and losses.

98. As a direct and proximate result of Defendants' conduct, by and through its employees, Plaintiff was prejudiced by Defendants' actions because Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

99. Defendants' conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

100. As a result of Defendants' conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

101. Plaintiff is also entitled to liquidated damages as a result of the Defendants' conduct.

## FIFTH CLAIM FOR RELIEF

### Sex Discrimination in Violation of NRS 613.330

102. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

103. Under NRS 613.330(1)(a), it is an unlawful employment practice to discriminate against any person because of his or her sex.

104. Plaintiff is a female and during the relevant time period was lactating, which is a condition related to pregnancy or childbirth. She is therefore a member of the class of persons protected from discrimination on the basis of her sex under NRS 613.330.

105. Lactation, like pregnancy, is a sex-linked condition, or a condition that is unique to women. Only women naturally lactate, and only women naturally experience the need to express breast milk.

106. The need to express breast milk is a medical condition related to pregnancy and childbirth in that it arises naturally following childbirth. In addition, the provision of medical treatment and advice concerning breastfeeding and lactation is a part of the standard of care for routine post-partum medical care.

107. The need for an accommodation in the form of reasonable breaks to express breast milk at work is a need exclusive to women.

108. At all relevant times, Plaintiff satisfied her job requirements and was qualified for her position at Ameriprise Financial, Inc.

109. Defendants terminated Plaintiff's employment in whole or in part because of her sex, and because of a sex-linked medical condition (lactation) that is related to pregnancy and childbirth and assigned others to do the same work.

110. Plaintiff's sex was a motivating factor in the above-described adverse actions Defendants took against her.

111. Defendants treated Plaintiff less favorable than similarly situated employees in a similar position as Plaintiff, who are not female. Other employees were not terminated from employment for taking unpaid breaks, while Plaintiff was denied the opportunity to continue working for Defendants after taking a break to express breast milk.

112. Defendants is liable for the acts and omissions of its agents and employees. Defendants, either directly or by and through their agents, discriminated against Plaintiff on the basis of her sex.

113. Defendants' conduct, by and through its agents or employees, was the proximate cause of Plaintiff's injuries, damages, and losses.

114. As a direct and proximate result of Defendants' conduct, by and through its employees, Plaintiff was prejudiced by Defendants' actions because Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

115. Defendants' conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

116. As a result of Defendants' conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

117. Plaintiff is also entitled to liquidated damages as a result of the Defendants' conduct.

. . .

. . .

. . .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1. Awarding damages pursuant to the Fair Labor Standards Act, 29 USC § 207 *et seq.*;
2. Awarding liquidated damages;
3. Awarding compensatory damages;
4. Awarding pre-judgment and post-judgment interest at the maximum legal rate;
5. Awarding Plaintiff fees and costs associated with bringing this action; and
6. For such further relief as the Court may deem just, proper, and appropriate.

DATED this 30th day of December, 2019.

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Danielle O'Neill*

## JURY DEMAND

Plaintiff DANIELLE O'NEILL, by and through her undersigned attorney, ANDRE M. LAGOMARSINO, ESQ. of LAGOMARSINO LAW, hereby demands trial of this matter by jury.

DATED this 30th day of December, 2019.

LAGOMARSINO LAW

*[signature]*

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Danielle O'Neill*